Filing # 50901931 E-Filed 01/09/2017 08:47:26 AM

IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
IN AND FOR DUVAL COUNTY, FLORIDA
CIRCUIT CIVIL DIVISION

DEBRA HOWARD,

    Plaintiff,

v.                                    Case No.: 2016-CA-6298

NCB MANAGEMENT SERVICES, INC.,

    Defendant.

_____/

## FIRST AMENDED COMPLAINT

COMES NOW Plaintiff, DEBRA HOWARD ("Plaintiff"), by and through her undersigned counsel, hereby files her First Amended Complaint for damages, injunctive relief, and declaratory relief against Defendant, NCB MANGEMENT SERVICES, INC. ("Defendant"), and states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages in excess of $15,000, exclusive of interest, fees, and costs, and for declaratory relief, for violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e *et seq.* and the Florida Private Whistleblower's Act ("FPWA"), Section 448.102 Fla. Stat.

2. Venue is proper in Duval County, because all of the events giving rise to these claims occurred in this County.

### PARTIES

3. Plaintiff is a resident of Duval County, Florida.

4. Defendant operates a call center in Jacksonville, in Duval County, Florida.

1

## GENERAL ALLEGATIONS

5. Plaintiff has satisfied all conditions precedent, or they have been waived. Specifically, Plaintiff has received a Right to Sue Notice from the United States Equal Employment Opportunity Commission.

6. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

7. Plaintiff requests a jury trial for all issues so triable.

8. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Title VII.

9. At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of Title VII.

10. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FPWA, Section 448.101(2), Fla. Stat.

11. At all times material hereto, Defendant was an "employer" within the meaning of the FPWA, Section 448.101(3), Fla. Stat.

## FACTS

12. Plaintiff began her employment with Defendant in December 2014 as a collection representative.

13. Plaintiff is a member of a protected class, and on account of her protected status, Plaintiff benefits from the protections of Title VII.

14. Plaintiff performed the job for which she was hired in a satisfactory manner.

15. During the course of her employment with Defendant, Plaintiff was sexually harassed by her supervisor, Christian McNeill.

16. Specifically, Mr. McNeill touched Plaintiff around her waist and shoulders and made sexual comments to Plaintiff.

17. Mr. McNeill also harassed other female employees in the presence of Plaintiff, including inappropriately touching female employees, staring and making comments about their breasts and butts, and stating that he would like to "hit that," implying that he wished to engage in sex with them.

18. On several occasions, Plaintiff made it clear to Mr. McNeil that his behavior was unwelcome and asked him to stop.

19. Thus, Plaintiff was subjected to disparate treatment on the basis of her sex.

20. In May 2016 Plaintiff complained to Defendant about the sexual harassment, but Defendant failed to take remedial action.

21. During the course of her employment with Defendant, Plaintiff observed Defendant engage in unlawful debt collection in violation of the Fair Debt Collection Practices Act ("FDCPA"). Specifically, Defendant attempted to collect incorrect amounts and charged excessive fees to consumers.

22. On or about June 13, 2016, Plaintiff complained about the sexual harassment and objected to Defendant's violations of the FDCPA to David Fly, Defendant's call center and human resources manager.

23. By complaining about the sexual harassment and violations of the FDCPA Plaintiff engaged in protected activity under Title VII and the FPWA.

24. Instead of taking prompt remedial action, Defendant unlawfully retaliated against Plaintiff for engaging in protected activity by subjecting her to adverse actions, including clocking Plaintiff out in violation of the Fair Labor Standards Act, throwing and threatening to

throw crumbled paper at her, taunting Plaintiff in front of other employees, and purposefully bumping into her chair in a continued effort to harass and intimidate her, and terminating her employment on or about October 19, 2016.

## COUNT I – TITLE VII VIOLATION
## (HARASSMENT)

25. Plaintiff realleges and readopts the allegations of paragraphs 1 through 24 of this Complaint, as though fully set forth herein.

26. Plaintiff is a member of a protected class under Title VII.

27. Plaintiff was subjected to unwelcome harassment on the basis of her sex, including inappropriate touching and sexual comments.

28. The harassment suffered by Plaintiff was sufficiently severe or pervasive to alter the terms and conditions of Plaintiff's employment with Defendant, up to and including the termination of Plaintiff's employment.

29. Defendant knew or should have known of the unwelcome harassment suffered by Plaintiff, and failed to intervene or to take prompt and effective remedial action in response.

30. Defendant's actions were willful and done with malice.

31. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

    a)    A jury trial on all issues so triable;

    b)    That process issue and that this Court take jurisdiction over the case;

    c)    An injunction restraining continued violation of Title VII by Defendant;

    d)    Compensation for lost wages, benefits, and other remuneration;

e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

f) Any other compensatory damages, including emotional distress, allowable at law;

g) Punitive damages;

h) Prejudgment interest on all monetary recovery obtained.

i) All costs and attorney's fees incurred in prosecuting these claims; and

j) For such further relief as this Court deems just and equitable.

## COUNT II – TITLE VII RETALIATION

32. Plaintiff realleges and readopts the allegations of paragraphs 1 through 24 of this Complaint, as though fully set forth herein.

33. Plaintiff is a member of a protected class under Title VII.

34. Plaintiff exercised or attempted to exercise her rights under Title VII, thereby engaging in protected activity under Title VII.

35. Defendant retaliated against Plaintiff for engaging in protected activity under Title VII by failing to investigate and take remedial action in response to Plaintiff's complaints of sexual harassment, permitting Mr. McNeill to continue to harass and intimidate Plaintiff, and terminating Plaintiff's employment.

36. Defendant's actions were willful and done with malice.

37. In, Defendant took material adverse action against Plaintiff.

38. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

    a)    A jury trial on all issues so triable;

    b)    That process issue and that this Court take jurisdiction over the case;

    c)    That this Court enter a declaratory judgment, stating that Defendant retaliated against Plaintiff for exercising rights under Title VII;

    d)    That this Court enter an injunction restraining continued violation of Title VII by Defendant;

    e)    Compensation for lost wages, benefits, and other remuneration;

    f)    Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, seniority rights, and all fringe benefits;

    g)    Front pay;

    h)    Any other compensatory damages, including emotional distress, allowable at law;

    i)    Punitive damages;

    j)    Prejudgment interest on all monetary recovery obtained.

    k)    All costs and attorney's fees incurred in prosecuting these claims; and

    l)    For such further relief as this Court deems just and equitable.

## COUNT III – RETALIATION UNDER THE FPWA

39.    Plaintiff realleges and readopts the allegations of paragraphs 1 through 24 of this Complaint, as though fully set forth herein.

40.    Plaintiff opposed and refused to participate in Defendant's violation of the FDCPA and sexual harassment, thereby engaging in protected activity under the FPWA.

41.    Defendant retaliated against Plaintiff for engaging in protected activity under the FPWA by failing to investigate and take remedial action in response to Plaintiff's complaints of

sexual harassment, permitting Mr. McNeill to continue to harass and intimidate Plaintiff, and terminating Plaintiff's employment.

42. Plaintiff was injured by Defendant's violations of the FPWA, for which she is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) Judgment against Defendant in the amount of Plaintiff's lost wages, benefits, and other remuneration;

d) Any other compensatory damages allowable at law;

e) All costs, attorney's fees, and reasonable expenses incurred in prosecuting these claims, in accordance with Fla. Stat. §448.104; and

f) For such further relief as this Court deems just and equitable.

### JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 9th day of January, 2017.

Respectfully submitted,

_____
**LUIS A. CABASSA**
Florida Bar Number: 0053643
WENZEL FENTON CABASSA, P.A.
1110 North Florida Avenue
Suite 300
Tampa, Florida 33602
Main No.: 813-224-0431
Direct No.: 813-379-2565

>Facsimile: 813-229-8712
>E-mail: lcabassa@wfclaw.com
>E-mail: twells@wfclaw.com
>**Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that on the 9th day of January, 2017, the foregoing was electronically filed using the Florida Courts E-Filing Portal, which will send a notice of electronic filing to:

Shelby Serig
Cole, Scott & Kissane, P.A.
4686 Sunbeam Road
Jacksonville, Florida 32257
shelby.serig@csklegal.com
brett.mereness@csklegal.com
sally.winn@csklegal.com

_____
**LUIS A. CABASSA**